IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RELIOS, INC.,**

    **Plaintiff,**

v.                                                    No. CIV-08-345 JCH/WDS

**GENESIS, INC.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Relios, Inc.'s Motion for Default Judgment, filed June 5, 2008 [Doc. 8]. The Court, having considered the motion, the pleadings and papers in this case, and the relevant law, and being otherwise fully informed of the facts and circumstances, finds that the Plaintiff's Motion for Default Judgment **is well taken in part**: default judgment will be entered on the issue of liability and with regard to Plaintiff's request for injunctive relief, but must be denied, without prejudice, on the issues of damages and costs. Statutory damages, attorney fees, and costs will be awarded in an amount to be determined upon further submission by Plaintiff.

## DISCUSSION

On April 1, 2008, Plaintiff filed its Complaint in this action against Defendant, alleging that Defendant "offered to sell, has sold, imported, distributed, marketed, publicly displayed, manufactured, and/or commissioned the manufacture" of certain jewelry which infringes upon Plaintiff's copyrighted "Loving Family" jewelry design. In addition, Plaintiff alleges that Defendant also wrongfully appropriated Plaintiff's registered "Loving Family" trademark, using the name "Loving Family" in connection with the infringing jewelry. The instant Motion for

Default Judgment and supporting papers were sent by Priority FedEx to Defendant's principal office address on June 5, 2008.  Yet Defendant filed no opposition to the motion and has otherwise failed to appear in this action.  On June 19, 2008, the Clerk entered default against Defendant.  Pursuant to Fed. R. Civ. Pro. 55, a court may grant a default judgment on the merits of the case after an entry of default.

As a preliminary matter, the Court considers the adequacy of the service of process, whether the Court has subject matter jurisdiction and personal jurisdiction, and whether venue is proper.  According to the Return of Service, the Summons and Complaint were personally served on Heather Verble as "Controller" of Defendant on April 4, 2008.  Thus, it appears that Defendant has satisfied the service requirements necessary to obtain a default judgment.  *See* Fed. R. Civ. Pro. 4(h)(1)(B) (authorizing service on a corporation by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment).  The Court also has subject matter jurisdiction over plaintiff's federal copyright and trademark claims, *see* 28 U.S.C. § § 1331, 1338(a), and supplemental jurisdiction over Plaintiff's state law claims, *see* § 1367(a).  Personal jurisdiction over Defendant is appropriate under New Mexico's long-arm statute, N.M. Stat Ann. § 38-1-16, and is consistent with the dictates of due process based on Defendant's contacts with New Mexico.  Finally, it is widely accepted that, in copyright infringement actions, venue lies wherever personal jurisdiction can properly be asserted against the defendant.  *See, e.g., Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 n.2 (10th Cir. 2008); *Linzer v. EMI Blackwood Music Inc.*, 904 F. Supp. 207, 214 (S.D.N.Y. 1995).  Thus, venue is also proper.

By virtue of Defendant's default, the Court accepts as true all factual allegations in the

Complaint, except those pertaining to the amount of damages. *Archer v. Eiland*, No. 02-5026, 2003 WL 1875388, * 2 (10th Cir. April 15, 2003). Indeed, an entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). However, before judgment is entered, the Court considers whether plaintiff's factual allegations are sufficient to state a claim for relief on each of the causes of action for which the plaintiff seeks judgment by default. *See Garrett v. Seymour,* No. 06-7029, 2007 WL 549388, *2 (10th Cir. Feb. 23, 2007) (noting that it is within the district court's discretion to deny a request for default judgment where the complaint is legally insufficient to state a claim).

After reviewing Plaintiff's Complaint -- including Plaintiff's allegations that it owns valid copyright and trademark registrations and that Defendant has infringed upon these registrations -- the Court concludes that Plaintiff's factual allegations are sufficient to state claims for willful copyright infringement, willful trademark infringement, false designation of origin of goods or services and false description and representation, common law unfair competition, and a violation of the New Mexico Trademark Act.

Plaintiff seeks an entry of default judgment in the amount of $150,000 in statutory damages, not less than $7,000 in costs and attorney fees, and injunctive relief, including an order directing Defendant to cease infringement of Plaintiff's "Loving Family" jewelry and prohibiting future infringement thereof and an order directing impoundment of and disposition of by return to Plaintiff of all infringing articles used in violation of Plaintiff's rights.

The Copyright Act, 17 U.S.C. Section 504, authorizes statutory damages in lieu of proving actual damages. § 504. Section 504(c)(1) provides for an award of damages in a sum

of not less than $750 or more than $30,000 for each infringement as the court considers just. § 504(c)(1). Moreover, pursuant to Section 504(c)(2), a court has discretion to increase the award of statutory damages to $150,000 per infringement where an infringer's conduct is found to be willful. Notably, the well-pleaded facts of Plaintiff's Complaint are sufficient to establish willfulness, as they show that Defendant was warned to cease its infringing behavior, but persisted. In fact, Plaintiff, through its attorneys, contacted Defendant in writing at least three times prior to filing suit in an attempt to gain compliance from Defendant. [Doc. 1, Ex. G.] But even Plaintiff's efforts to informally resolve this matter were ignored by Defendant. Defendant failed remove the infringing item or the infringing trademark from its website, even after Plaintiff demanded that it cease and desist its infringing actions. [Doc. 1, Ex. H.]

According to Plaintiff, entry of default judgment by the Court for a "sum certain" is appropriate pursuant to Fed. R. Civ. Pro. 55. [Doc. 8, at 3 ¶ 11.] Thus, Plaintiff has attached to its motion the Declaration of Robb Haltom Regarding Sum Certain Award, requesting that the Court enter judgment in its favor for $150,000 in statutory damages,[1] among other relief. However, it is unclear whether a request for statutory damages constitutes one for a "sum certain" under Tenth Circuit law. Admittedly, the Northern District of Georgia has determined that a request for statutory damages under the Copyright Act is a request for a "sum certain," rendering a hearing unnecessary upon the defendant's default. *See, e.g., Microsoft Corp. v. Gordon*, 2007 WL 1545216 (N.D. Ga. 2007). In contrast, however, the Fifth Circuit has concluded that a request for statutory damages is a request for unliquidated damages, incapable

---

[1] Although Plaintiff alleged both willful copyright infringement and willful trademark infringement in its Complaint, it apparently seeks statutory damages under only 17 U.S.C. Section 504(c)(2) for willful copyright infringement. *Compare* [Doc. 1, at 5-6] *with* [Doc. 8, at 3 ¶ 12, 4 ¶ 14.B.]

of mathematical calculation, such that the damages may not be awarded "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

    At minimum, the submission of detailed affidavits and arguments related to the appropriate size of the damage award would aid the Court in exercising its statutory discretion. While Plaintiff seeks $150,000 in statutory damages, the maximum allowable under the statute for willful infringement, it provides no justification for its request.  Accordingly, the Court invites further submissions from Plaintiff in this regard and declines to calibrate statutory damages until it is satisfied that adequate submissions have been received.  *Cf. Video Views, Inc. v. Studio 21, Ltd.*, 925 F.2d 1010, 1017 (7th Cir. 1991), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (reasoning that "concerns of due process and the opportunity for meaningful, if limited, appellate review contemplate that the district court would provide some explanation of the factual findings that underlie this exercise of discretion to award greater than minimum statutory damages").

    By failing to respond to this action in any way, Defendant has thereby forfeited any argument that it may have had to contest the amount of damages.  *Betram Music Co. v. Yeager Holdings of Calif., Inc.*, Civ. No. S-07-1766, 2008 WL 2055480, *1 (E.D. Cal. May 6, 2008). The Court deems the defaulting Defendant, by its failure to appear or defend, to have waived any objections to the statutory source of damages prayed for in Plaintiff's motion for default judgment.  Further, the Court notes that "[s]tatutory damages are particularly appropriate in a case . . . in which defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiff's actual damages."  *Jackson v. Strukie*,

5

255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).

The Court notes, however, that it is not inclined to award the statutory maximum absent compelling justification, as "statutory damage maximums should be reserved for cases of notable scope or particularly egregious conduct." *Gordon*, 2007 WL 1545216, at *2. In setting statutory damages, the Court's first consideration is the number of works infringed. *See Arclightz and Films Pvt. Ltd. v. Video Palace, Inc.*, 303 F. Supp. 2d 356 (S.D.N.Y. 2003). Additionally, the Court may take into account factors such as the expenses saved and the profits earned by Defendant, the revenues lost by Plaintiff, the deterrent effect, if any, that such an award will have on Defendant and on third parties, the cooperation of Defendant in providing evidence concerning the value of the infringing material, Defendant's state of mind and the conduct and attitudes of the parties, and the size of Defendant's business in comparison to the size of Plaintiff's business. *Id*. at 362-63.

In addition to its prayer for $150,000 in statutory damages, Plaintiff also seeks not less than $7,000 in attorney fees and costs. Pursuant to 17 U.S.C. Section 505, the Court has discretion to award the recovery of full costs and reasonable attorney fees. § 505. Here, however, Plaintiff's request is unsupported by the requisite documentation. *See Betram Music Co*., 2008 WL 2055480 (E. D. Cal. 2008). To assist the Court in determining whether its request is reasonable, Plaintiff must submit detailed documentation of costs incurred as well as contemporaneous time records that specify -- by attorney -- the date, the hours expended, and the nature of the work done. *Broadcast Music, Inc. v. R. Bar of Manhattan, Inc.*, 919 F. Supp. 656, 661 (S.D.N.Y. 1996). Consequently, the Court declines to award attorney fees and costs until such time as adequate documentation has been submitted and the Court is satisfied that the

requested fees and costs are indeed reasonable.

Finally, Plaintiff has also asked the Court to issue an order enjoining Defendant from infringing on Plaintiff's copyrights and trademarks and prohibiting Defendant from future infringement of Plaintiff's jewelry, as well as an order of impoundment and return to Plaintiff of all infringing articles used in violation of Plaintiff's rights.  The Copyright Act authorizes injunctive relief for copyright infringement on such terms as the Court deems reasonable to prevent or restrain infringement of copyright.  17 U.S.C. § 502(a); *see Twentieth Centruy Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1073 (D. Ariz. 2006) (granting a permanent injunction, enjoining copyright infringement, upon entry of default judgment against the defendant).  More specifically, 17 U.S.C. Section 503(a)-(b) provides that the a court may, when an action is pending or as part of a final judgment, impound, order the destruction of, or order other reasonable disposition of any copies made in violation of the copyright owner's rights and of all molds and other articles of reproduction.  § 503(a)-(b).

As a general rule in actions under the Copyright Act, "a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Systems Corp. v. Peak Computer, Inc*., 991 F.2d 511, 520 (9th Cir. 1993).  When seeking an injunction in copyright cases, irreparable harm is presumed upon a showing of success on the merits.  *Micro Star v. Formgen*, 154 F.3d 1107, 1109 (9th Cir. 1998).  Because the default against Defendant satisfies the element of success on the merits, irreparable harm is presumed. Moreover, there is a threat of continuing violations.  Despite the fact that Defendant is well aware of Plaintiff's claims, it has chosen to ignore this lawsuit, suggesting that it does not take seriously the illegality of its infringing activity and that its behavior may not have been affected

by the filing of this lawsuit.  Additionally, as noted above, Defendant persisted in its infringing behavior, even after receiving multiple demands from Plaintiff's counsel to cease and desist.

The Court finds that the injunctive relief requested is appropriate.  Therefore, the Court orders Defendant to immediately cease infringing upon Plaintiff's copyrights and trademarks to its "Loving Family" jewelry and prohibits it from future infringements of the jewelry.  In addition, the Court orders the impoundment of and return to Plaintiff of all infringing articles used in violation of Plaintiff's rights, such as infringing inventory, molds, casts, dies, customer lists, sales information, and all other articles used in connection with the infringement of Plaintiff's "Loving Family" jewelry.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment, filed June 5, 2008 [Doc. 8], is **GRANTED IN PART** and **DEFAULT JUDGMENT** is entered against Defendant Genesis, Inc. on the issue of **liability**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default Judgment, filed June 5, 2008 [Doc. 8], is **GRANTED IN PART** and that a **PERMANENT INJUNCTION** is entered against Defendant Genesis, Inc. as follows:

(a) Defendant is ordered to immediately cease infringing upon Plaintiff's copyrights and trademarks to its "Loving Family" jewelry and prohibited from future copyright or trademark infringements of such jewelry.

(b) all infringing articles used in violation of Plaintiff's rights, such as infringing inventory, molds, casts, dies, customer lists, sales information, and all other articles used in connection with the infringement of Plaintiff's "Loving Family" jewelry, shall be impounded and returned to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default Judgment, filed June 5, 2008 [Doc. 8], is **DENIED IN PART without prejudice** regarding **statutory damages, attorney fees, and costs,** which may be awarded in an amount to be determined upon further submission by Plaintiff.

Dated this 25th day of August 2008.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE