IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RELIOS, INC.,**

      **Plaintiff,**

v.                              No. CIV-08-345 JCH/WDS

**GENESIS, INC.,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Relios, Inc.'s Response to the Court's Order Regarding Costs and Fees ("Response"), filed August 29, 2008 [Doc. 18]. This Court previously entered its Memorandum Opinion and Order of August 25, 2008 granting Plaintiff judgment by default against Defendant as to liability and granting the requested injunctive relief. [Doc. 17.] Plaintiff's Motion for Default was denied, without prejudice, on the issues of damages and costs pending further submissions by Plaintiff justifying its request for statutory damages. *Id.* The Court, having now considered the evidence and argument advanced by Plaintiff in its Response, awards statutory damages in the amount of $150,000.00 and costs and attorney fees in the amount of $15,218.74.

## DISCUSSION

Plaintiff seeks $150,000.00 in statutory damages and $15,218.74 in attorney fees, under the Copyright Act, as its measure of damages for Defendant's infringing behavior. The Court has almost exclusive discretion between the statutory minimum, $750.00, and the statutory maximum, $30,000.00, in determining the amount to be awarded in cases of copyright infringement. *See Guillot-Vogt Associates, Inc. v. Holly & Smith*, 848 F. Supp. 682 (E. D. La.

1994).  In addition, the Court may also exercise its discretion to increase the award of statutory damages up to $150,000.00 when the infringer's conduct is willful, as it is here.  17 U.S.C. § 504(c)(2).  Thus, the Court must set statutory damages in this case somewhere between $750.00 and $150,000.00.

In evaluating the appropriate award, the Court considers various factors, including the number of works infringed, expenses saved and profits earned by Defendant, revenues lost by Plaintiff, the deterrent effect that an award would have on Defendant and third parties, Defendant's state of mind and the conduct and attitude of the parties, and the cooperation of Defendant in providing evidence concerning the value of the infringing material.

### A.  Number of Works Infringed

Plaintiff originally registered the copyright in its "2 parent, 2 child" version of the "Loving Family" jewelry.  In addition, Plaintiff also owns other "derivative works" to the original piece.  The evidence shows that Defendant infringed not only the original piece registered by Plaintiff but also various "derivative works" thereto.  For the purposes of awarding statutory damages, however, "all the parts of a compilation or derivative work constitute one work."  17 U.S.C. § 504(c)(1).  Thus, Plaintiff is entitled to only one award in an amount up to $150,000.00.  Although the infringement of these additional "derivative works" does not justify additional awards up to $150,000.00 each, it is nevertheless considered by the Court in calibrating statutory damages based on the infringement of Plaintiff's copyrighted work.

### B.  Profits Earned and Expenses Saved by Defendant

Defendant directed its infringing sales to schools nationwide via its website and catalogs. Although the infringing jewelry was offered for only $16.00 per piece, the number of pieces of

sold was likely substantial given the breadth of Defendant's target market. Because Defendant has failed to provide any information regarding the volume of its sales, an accurate estimate as to Defendant's profits is impossible, and the Court can only assume that the profits were significant.

Additionally, having compared Defendant's infringing jewelry with Plaintiff's copyrighted "Loving Family" jewelry, the Court concludes that the infringing jewelry is strikingly similar to Plaintiff's "Loving Family" jewelry. As such, it is likely that Defendant created the infringing jewelry by direct copying, without incurring the expenses associated with developing and manufacturing an original jewelry design, such as hiring a creative designer. Unfortunately, Plaintiff has not provided the Court with any estimate of the expense incurred in developing and manufacturing its own "Loving Family" jewelry, and the Court is left without guidance in estimating expenses associated with such an endeavor. Nevertheless, the potentially sizeable profits earned by Defendant as well as the expenses that were undoubtedly saved through copying Plaintiff's design weigh in favor of a substantial statutory damage award.

### C. Revenues Lost by Plaintiff

A sworn declaration filed by Robb Haltom, the controller for Plaintiff, indicates that the jewelry sold by Defendant is thinner, less substantial, and of inferior quality when compared to Plaintiff's "Loving Family" jewelry. [Doc. 18, Ex. 6, at 3.] According to Haltom, Defendant has, by selling an infringing item of lower quality, harmed Plaintiff's reputation and goodwill, which will in turn affect future or repeat sales to Plaintiff. The Court has no reason to question Haltom's and Plaintiff's contention that Plaintiff's reputation and goodwill have indeed been harmed as a result of Defendant's sale of lower quality infringing jewelry. Indeed, the

infringement of Plaintiff's "Loving Family" jewelry may well have injured Plaintiff's entire product line.  As a result, this factor too weighs in favor of a substantial damage award.

### D.  Deterrent Effect on Defendant and Third Parties

There is no doubt that a substantial statutory damages award would have a deterrent effect on both Defendant and third parties.  Defendant would be less likely to engage in infringing behavior in the future or to be as dismissive when contacted on behalf of copyright holders regarding infringing behavior.  Similarly, third parties would take seriously the enforcement of the rights of copyright owners, and both Defendant and third parties would be on notice that it costs more to violate copyright laws than to obey them.  Simply put, a significant award in this case would serve a strong public interest in insuring the integrity of copyright laws and deterring instances of infringement.

### E.  Defendant's State of Mind, Conduct, and Attitude

As noted in the Court's August 25, 2008 Memorandum Opinion, and Order, the well-pleaded facts of Plaintiff's Complaint were sufficient to establish that Defendant acted willfully.  Under the Copyright Act, the willfulness of Defendant's actions justifies the award of statutory damages up to the statutory maximum of $150,000.  17 U.S.C. § 504(c)(2).  Plaintiff's counsel contacted Defendant at least three times, on December 21, 2007, January 8, 2008, and January 24, 2008, in an attempt to gain compliance from Defendant prior to filing suit, yet Defendant persisted in its infringing behavior.  [Doc. 1, Ex. G-H.] As of March 25, 2008, Defendant had still failed to remove the infringing jewelry and infringing trademark from its website.  [Doc. 1, Ex. H.]  Moreover, the striking similarity of the infringing jewelry and the use of the "Loving Family" trademark are further evidence of Defendant's willfulness.

In addition, Defendant failed to mount a defense or to provide Plaintiff with any information even after suit was filed, indicating that Defendant does not take seriously claims of copyright and trademark infringement.  Defendant's flagrant and continued dismissiveness -- in failing to participate in this suit or provide any information -- together with the noted evidence of willfulness, justifies an award at the high end of the statutory maximum.

### F.  Cooperation of Defendant

Although Plaintiff's counsel attempted to contact Defendant prior to filing suit, Defendant's representative refused to provide any information, assistance, or even a timetable by which infringing activities would cease.  Then, when Plaintiff filed suit, Defendant defaulted, depriving Plaintiff of discovery tools that might have allowed it to more accurately assess the actual damages in this case.  Because Plaintiff's lack of specific evidence related to Defendant's profits and Plaintiff's lost profits is due in large part to Defendant's uncooperativeness, it would be unfair to severely limit the statutory damages awarded on that basis. On the other hand, Defendant's total lack of cooperation justifies the imposition of severe monetary sanctions.

### G.  Other Considerations

In addition to its claim for willful copyright infringement, Plaintiff's Complaint also stated claims for willful trademark infringement, false designation of origin of goods or services and false description and representation, common law unfair competition, and a violation of the New Mexico Trademark Act.  Plaintiff seeks statutory damages under only 17 U.S.C. § 504 of the Copyright Act, although it would also be entitled to a separate award of statutory damages under the Lanham Act for trademark infringement.  *See Microsoft Corp. v. Black Cat Computer Wholesale, Inc.*, 269 F. Supp.2d 118 (W.D.N.Y. 2002).  The fact that Plaintiff restricted its

request to statutory damages for copyright infringement, when it could have sought additional statutory damages for trademark infringement, weighs into the Court's calibration of damages.

Finally, the Court has surveyed statutory damages awarded in similar copyright infringement cases, and has concluded that an award of $150,000.00 in statutory damages is reasonable. *See, e.g.*, *Kabana, Inc. v. Best Opal, Inc.*, CV 05-1101 WJ/LCS (D.N.M. April 26, 2006) (awarding the statutory maximum of $150,000 for each jewelry design infringed, or $600,000), *vacated for lack of personal jurisdiction by* 05-CV-1101 WJ/LCS (D.N.M. February 2, 2007).

### H. Attorney Fees

Plaintiff seeks $15,218.74 in attorney fees and costs in addition to an award of statutory damages. Pursuant to 17 U.S.C. § 505, the Court has discretion to award the recovery of full costs and reasonable attorney fees. § 505. As requested, Plaintiff has now submitted detailed documentation of the costs incurred as well as contemporaneous time records that specify – by attorney – the date, the hours expended, and the nature of the work done. [Doc. 18, Ex. 6-7.]

Having reviewed the documentation and time records, the Court finds Plaintiff's request of $15,218.74 to be a reasonable one. The Court notes that if Defendant had been swiftly responsive to Plaintiff's demands to cease and desist its infringing behavior, Plaintiff may not have resorted to filing suit and would probably not have incurred the same magnitude of costs and legal fees.

## CONCLUSION

The court concludes that these factors weigh in favor of a damage award at the statutory maximum for willful copyright infringement. Plaintiffs failure to provide any estimate to the

Court of its lost profits, the profit earned or the volume of sales made by Defendant, or the size of Defendant's business in relation to the size of Plaintiff's business is likely because of Defendant's failure to cooperate in this action or to provide any information related to these issues.  Although statutory damages awarded for copyright infringement should bear some relation to actual damages suffered, they cannot correspond exactly, especially in cases, such as this, where damages are difficult to prove.  *Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*, 670 F. Supp. 1133 (E.D.N.Y. 1987).  Therefore, based on the foregoing facts, and especially given the overwhelming evidence of willful and dismissive conduct on the part of Defendant, the Court awards Plaintiff statutory damages in the amount of $150,000.00 and costs and attorney fees in the amount of $15,218.74.

**IT IS THEREFORE ORDERED** that Plaintiff is awarded $150,000.00 in statutory damages and $15,218.74 in costs and attorney fees, for a total of $165,218.74.

Dated this 9th day of October 2008.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE